# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**U.S.A. vs. TERRELL HUNTER**

Docket No. 3:01CR00032-1(CFD)

**FILED**

## PETITION ON PROBATION AND SUPERVISED RELEASE

2004 NOV 15 A 9:54

**COMES NOW** Michael Rafferty, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Terrell Hunter who was sentenced to 33 months incarceration for a violation of Felony Possession of Ammunition, 18 U.S.C. section 922(g)(1), by the Honorable Christopher F. Droney sitting in the court at Hartford, Connecticut. On August 9, 2001, the Court fixed the period of supervision at 3 years, which commenced on June 18, 2003 and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows: (1) The defendant is prohibited from possessing or other dangerous weapon. (2) The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, as directed by the U.S. Probation Officer which may include random testing to determine if the defendant has used drugs or alcohol.

Supervision commenced on June 1, 2003 and is expected to terminate on June 12, 2006.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

The defendant is being cited for violating the following conditions of supervised release:

<u>Charge 1: Standard Condition 1: You shall not commit another federal, state, or local crime.</u> On November 7, 2003, Mr. Hunter was arrested and charged with Possession of Narcotics, Possession of Narcotics in school zone, Possession with Intent to Sell Narcotics, Failure to Obey Control Signal, and Operating Under Suspension. According to police reports, Mr. Hunter was observed failing to stop for a traffic signal at which time officers attempted to pull his vehicle over. Mr. Hunter continued to drive and was seen throwing a clear plastic bag out his window. The bag was found to contain narcotics, and Mr. Hunter was found in possession of $1,710.00. He plead guilty (nolo contendre) to the charge on October 22, 2004. He is required to self surrender to state authorities, and begin his sentence of 30 months on December 29, 2004.

**PRAYING THAT THE COURT WILL ORDER** that this petition will serve as a summons ordering Terrell Hunter to appear before the Court on _Nov. 22_ at _1:00_ to show cause why his supervised release should not be revoked.

**ORDER OF COURT**

Considered and ordered this _15_ day of November, 2004 and ordered filed and made a part of the records in the above case.

_____
The Honorable Christopher F. Droney
U. S. District Judge

**Sworn to By**

_Michael P. Rafferty_
Michael P. Rafferty
U. S. Probation Officer

Place _Hartford, CT_

Date _Nov. 15, 2004_

Before me, the Honorable Christopher F. Droney, U. S. District Judge, on this _15_ day of November 2004 at Hartford, Connecticut, U.S. Probation Officer Michael P. Rafferty appeared and under oath stated that the facts set forth in this petition are true to the best of his knowledge and belief.

_____
The Honorable Christopher F. Droney
U.S. District Court Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
PROBATION OFFICE

**FILED**

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 3:01CR00032(CFD) |
| | 2004 NOV 15 A 9: 55 |
| vs. | : |
| | U.S. DISTRICT COURT |
| TERRELL HUNTER | : November 9, 2004 |
| | HARTFORD, CT. |

## REPORT OF VIOLATION OF SUPERVISED RELEASE

### Original Sentence Information

On October 11, 1996, Terrell Hunter was sentenced by the Honorable Christopher F. Droney, U.S. District Judge for the District of Connecticut, to 33 months incarceration for a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of Ammunition. Upon release from custody, the defendant was placed on three years supervised release. The following special condition was imposed: The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient as directed by the U.S. Probation Officer which may include random testing to determine if the defendant has used drugs or alcohol. The defendant shall bear all, or a portion of, the cost of such treatment, dependant on his ability to pay, as established by the U.S. Probation Office. On June 13, 2003, the defendant was released from confinement and his supervised release commenced on that date with a termination date of June 12, 2006.

### Summary of Original Offense

On December 28, 2000, Mr. Hunter was seen driving a vehicle in the North End of Hartford, Connecticut. Officers recognized Mr. Hunter, and were aware that he did not possess a valid driver's license. Officers began to follow the vehicle at which time Mr. Hunter attempted to evade the police and, consequently, was responsible for causing two accidents. Mr. Hunter engaged the police in a foot chase and was apprehended a short time later. Upon searching the vehicle that Mr. Hunter was driving, the police were able to locate in plain view fourteen .38 special Federal Hollow point rounds, one .38 special +P Winchester Silver Tip Hollow point round, and one 9mm Luger round.

### Conditions Signed and Instructions Given

On June 16, 2003, Mr. Hunter signed the Conditions of Supervised Release after they were read and explained to him by United States Probation Officer Earl Mack and a copy was provided to him.

2

## Charge No. 1 - Condition Violated

<u>General Condition No. 1: You shall not commit another federal, state, or local crime.  You shall not illegally possess a controlled substance.</u>

### Facts of Violation

Arrest #1:

On November 7, 2003, Mr. Hunter was arrested and charged by the Hartford Police with Possession of Narcotics, Possession of Narcotics in a School Zone, Possession with Intent to Sell Narcotics, Failure to Obey Control Signal, and Operating under Suspension. He plead guilty (nolo contendre) to the charge on October 22, 2004.  He is required to self surrender to state authorities, and begin his sentence of 30 months on December 29, 2004.

Police records reflect that officers attempted to stop the vehicle Mr. Hunter was driving after observing him fail to stop at a stop light.  According to the report Mr. Hunter continued to drive away from the officers and, was seen throwing out a clear plastic bag from the driver's side window.  The officers retrieved the bag from the side of the road and took Mr. Hunter into custody. The officers conducted a valtox test on the substance in the bag  and it tested  positive for cocaine. Additionally, $1,710 was found in Mr. Hunter's possession which was confiscated from him (Report attached).

Arrest #2:

On January 29, 2004, Mr. Hunter turned himself in to the Hartford police on charges stemming from a murder that was committed on October 2, 2003.  He was charged with Felony Murder, Murder, Criminal Attempt to Commit Murder, Burglary 1st, Assault 1st, and Robbery 1st. Mr. Hunter was held on a $2,000,000 bond, and detained at the Hartford Correctional Center from January 27 2004, until September 28, 2004.  According to the arrest report, Mr. Hunter and two other individuals were sitting in an after hours club located on Albany Ave, in Hartford, Connecticut. One of the individuals stated that Mr. Hunter, whom this individual knew as "Killer" stood up, pulled out a gun and fired a shot into the back of the head of Mark Dujoy killing him without warning. Mr. Hunter then proceeded to demand money from the other individual. Mr. Hunter then shot the second individual, at which time he patted down both individuals as they lay on the floor. The second individual stated that he fell to the floor and played dead until he had an opportunity to run away.  At that time, Mr. Hunter fired two more shots, but missed with both.  The wounded individual went to a nearby residence and called for help (Report attached).

On September 21, 2004, the charges in this case were nolled.  According to state prosecutors, they did not feel that they had enough information to go forward with the case.

### Sentencing Information

#### Custody

Statutory Provisions:  Because the original offense was a Class C, the maximum term of imprisonment that may be imposed is 2 years upon a finding of violation and revocation;18 U.S.C. § 3583(e)(3).  In accordance to 18 U.S.C. § 3583(g)(1), the Court shall revoke the term of supervised release of the defendant for possessing a controlled substance.

Guideline Provisions: Based upon a finding of a Grade A violation, and an original criminal history category of V, the revocation guideline imprisonment range is 30 to 37 months; U.S.S.G. § 7B1.4(a). Where the statutorily authorized maximum term of imprisonment that is imposable upon revocation is less than the minimum of the applicable range, the statutorily authorized maximum term shall be substituted for the applicable range. In this case, the maximum term of revocation is 24 months.

Supervised Release

Statutory Provisions: When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release; 18 U.S.C. § 3583(h).

Because the original offense was a Class C felony, the maximum term of supervised release that may be re-imposed is 3 years, less any term of imprisonment that is imposed; 18 U.S.C. § 3583(b)(2).

Compliance With Other Conditions and Supervision in General

Prior to his incarceration for the murder charges, Mr. Hunter had been placed on intensive supervision for his inability to obtain full-time employment. He was required to report to the probation office on a weekly basis and provide verification that he was actively seeking employment. He remained compliant with his reporting instructions. He rendered a total of seven UA's, all of which were negative for illicit substances.

From January 27 to September 28, 2004, Mr. Hunter was incarcerated by the State of Connecticut on the murder charges which were nolled. Upon his release, Mr. Hunter was placed on electronic monitoring and was required to seek employment. He secured part-time work with a moving company in East Hartford, CT, and has remained compliant with his conditions.

Living Arrangements, Family Situations, Employment

At the time of his arrest on the murder charges, Mr. Hunter was living with his brother's girlfriend, Kesha Hunter, at 70 Baltimore St, Hartford, CT. He was enrolled in a job training program with the Community Renewal Team located in Hartford. He was hoping to begin gainful employment. He was required to actively job search on a daily basis, and provided the Probation Office with weekly verification. Mr. Hunter stated several times to this officer that he was a "survivor", and was always going to manage.

After his most recent release from state custody on September 28, 2004, Mr. Hunter was residing with his girlfriend, Genera Pollo, at 35 Sumner St., Apt. 2, Hartford, CT. It should be noted that several days prior to his release from custody in late September, Mr. Hunter's younger brother was shot and killed in an apparent dispute over a cell phone. Mr. Hunter reported that he has been in contact with his mother during this ordeal and has also been in contact with his father who

4

was estranged from the family.  Mr. Hunter secured part-time employment through a local temporary agency on October 14, 2004.  He reports that he was assigned to work with a local moving company located in East Hartford, CT earning $10 a hour.  His position has been verified through pay stubs.

Submitted By:

*Michael P. Rafferty*

Michael P. Rafferty
United States Probation Officer

Reviewed and Approved By:

*Kim J. Cerullo*

Kim J. Cerullo
Supervising United States Probation Officer

MPR/dmb

## RECOMMENDATION

RE: Hunter, Terrell
Criminal No. 3:01CR00032(CFD)

Justification: Mr. Hunter comes before the Court for violating the conditions of his supervised release by engaging in the sale and distribution of illegal drugs.  Mr. Hunter has an extensive criminal record, and it appears that he is not deterred from his criminal lifestyle by periods of incarceration.  The maximum term of incarceration that the Court can impose by statute is 24 months.  Under § 7B1.3(f), any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.  Mr. Hunter will soon be begin a state sentence of 30 months, and it is recommended that the Court imposes a sentence of 24 months incarceration to run consecutive to the state sentence.  The time Mr. Hunter served on the murder charges should go toward credit with the state on his new charge.  If the state fails to give him credit, the Bureau of Prisons will give him credit toward the federal sentence.  Mr. Hunter has continually presented as someone who was willing to be cooperative with the Probation Office.  However, it is clear that he continued to be involved in criminal activities while on supervision.  Based on his conduct it does not appear that he is amenable to being supervised within the community.

Recommendation: It is respectfully recommended that the defendant, Terrell Hunter, be found in violation of his supervised release and that the supervision be revoked.  It is also requested that the Court place the defendant in the custody of the Bureau of Prisons for a period of 24 months with no supervision to follow.  It is also recommended that the period of incarceration run consecutive to the state sentence imposed by the State of Connecticut.

Submitted By:


_Michael P. Rafferty_
Michael P. Rafferty
United States Probation Officer


Reviewed and Approved By:


_Kim J. Cerullo_
Kim J. Cerullo
Supervising United States Probation Officer